**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
George C. Godfrey, III, Esquire – ID #: 022201991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff(s)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NICHOLAS J. ZAMPETIS | : |
| | : |
| | : |
| | : CIVIL ACTION NO.: |
| v. | : |
| | : |
| CITY OF ATLANTIC CITY, POLICE OFFICER IVAN LOPEZ, POLICE OFFICER ANTHONY ALOSI, JR. POLICE OFFICER MIKE AUBLE, and JOHN DOE ATLANTIC CITY POLICE OFFICERS 1-5, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY, JOHN DOES 1-5 | : COMPLAINT |

Nicholas J. Zampetis currently residing in English Town, New Jersey by way of Complaint against the defendants says:

### INTRODUCTION

1) On or about February 17, 2013, the plaintiff Nicholas J. Zampetis was a patron at the Tropicana Hotel and Casino celebrating the birthday of one of his friends along with about fifteen to twenty other people. During the course of the evening at approximately 2:00 to 3:00 AM on a Saturday night, plaintiff and others in his party got into a verbal disagreement and/or argument with other people at the Tropicana Hotel and Casino to which the defendant City of Atlantic City Police Officers were called. The defendants without

provocation and/or probable cause proceeded to attack and beat plaintiff with their hands, fists, knees, kicks, and batons. The plaintiff was falsely arrested and beaten as aforementioned without threat of injury or provocation to the defendant individual police officers and without legal justification.

2) The plaintiff Nicholas J. Zampetis suffered severe and permanent injuries from the violent and vicious and unprovoked attack and excessive use of force at the hands of the individual defendant officers.

## PARTIES

1) Plaintiff Nicholas J. Zampetis is and was residing within English Town, State of New Jersey.

2) At all times mentioned herein, the defendants, City of Atlantic City Municipality chartered by the State of New Jersey and as such is a political subdivision of the State of New Jersey and amongst its other functions operates and maintains a law enforcement agency known as the Atlantic City Police Department. Atlantic City is under a duty to run its policing activities in a lawful manner so as to preserve the rights, privileges, and immunities guaranteed and secured to them by the Constitution and Laws of the United States and the State of New Jersey.

3) On information and belief, the defendants Ivan Lopez, Anthony Alosi, Jr., and Mike Auble are adult resident citizens of Atlantic County, State of New Jersey and were members of the Atlantic City Police Department who were acting by virtue of their position as Law Enforcement Officers of Atlantic City Police Department and under Color of State Law. These individual defendant Police

Officers set forth above are sued individually and in their official capacity as members of the Atlantic City Police Department.

4) Upon information and belief the defendant John Doe Atlantic City Police Officers 1-5 are adult resident citizens of Atlantic County New Jersey were acting by virtue of their position as Law Enforcement Officers of the Atlantic City Police Department and under Color of State Law. Defendant John Does 1-5 are sued individually and in their official capacity as members of the Atlantic City Police Department.

## JURISDICTION AND VENUE

1) Each of the acts of the defendants Lopez, Alosi, Jr., and Auble and John Does 1-5 were performed under the color and pretense of the Constitutions, Statutes, Ordinances, Regulations, Customs and Usages of the United States of America, and the State of New Jersey, County of Atlantic, and the City of Atlantic City and under the authority of their Officers for Atlantic City, New Jersey.

2) The incident which gives rise to this cause of action occurred within the jurisdiction and within the two years of the filing of this Complaint.

3) Venue is proper in this matter pursuant to 28 U.S.C. § 1391 as all defendants are residents of this district and all acts or omissions which gives rise to the cause of action occurred within the district.

4) Jurisdiction is proper pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3)(4), and 42 U.S.C. § 1983. Plaintiff further

invokes pendant and subject matter jurisdiction of this Court to hear and decide claims arising under State Law pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1) On or about February 17, 2013, at approximately between 2:00 and 3:00 AM, the plaintiff Nicholas J. Zampetis while a patron at the Tropicana Hotel and Casino was falsely arrested, and falsely charged with criminal charges by the defendants Police Officers Ivan Lopez, Anthony Alosi, Jr., Mike Auble, John Does Police Officers 1-5, and John Does 1-5 and was thereafter, physically attacked, beaten with hands, fists, knees, kicks, baton strikes and otherwise by these individual defendants and thereafter falsely charged with criminal Complaints to cover up these defendants wrong doing.

2) Defendants Lopez, Alosi, Jr., Auble, and John Does 1-5 committed the aforementioned actions and/or omissions under the Color of Law and by virtue of their authority as Law Enforcement Officers for defendant City of Atlantic City and have substantially deprived the plaintiff of his clearly established rights, privileges, an immunities guaranteed to him as a citizen of the United States and of New Jersey in violation of 42 U.S.C. § 1983 and deprived the plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution including but not limited to:

(a) the freedom from unlawful search and seizure;

(b) the freedom from unlawful arrest and seizure of their persons;

(c) the freedom from unreasonable, unjustified, and excessive force;

(d) the freedom from the deprivation of liberty and property without due process of law;

(e) the freedom from summary punishment;

(f) the freedom from state created dangers; and

(g) the freedom from arbitrary government activity which shocks the conscience of civilized community and society.

3) As a direct and proximate result of the acts and omissions of these defendants, Lopez, Alosi, Jr., Auble, and John Does Police Officers 1-5, the plaintiff's Constitutional Rights were violated and plaintiff was severely injured and sustained severe and permanent injuries necessitating medical treatment and was forced to defend himself in criminal charges falsely filed against him.

## SECOND COUNT

## FEDERAL CONSTITUTION VIOLATIONS AGAINST THE CITY OF ATLANTIC CITY

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1) Defendant City of Atlantic City was and is under a duty to supervise members of the Atlantic City Police Department and to insure that they are policing activities of the Atlantic City Police Department are run in a lawful manner preserving to the citizens of Atlantic City their rights,

privileges, and immunities guaranteed to them by the Constitution of both the United States of America and the State of New Jersey.

2) Defendant City of Atlantic City permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and custom of its police officers, particularly the defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 of violating the Constitutional Rights of the public in large, including the plaintiff. In particular, the City of Atlantic City had actual knowledge that these individual defendants, Lopez, Alosi Jr., Auble, and John Doe Police Officers 1-5 had propensity to deprive the citizens of the City of Atlantic City, State of New Jersey of their Constitutional Rights and failed to take proper action to protect the citizens of Atlantic City, State of New Jersey, including the plaintiff from these defendants. In point of fact, the City of Atlantic City has pending against it the largest amounts of Civil Rights Complaints in Federal Court for excessive force of any City and State of New Jersey totaling approximately thirteen in number at the time of the filing of this Complaint.

3) The actions of the defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5, were unjustified, unreasonable, unconstitutional, deprived the plaintiff of his Constitutional Rights in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and their New Jersey Constitutional Counter Parts.

4) The defendant City of Atlantic City is directly liable for plaintiff's damages due to the following Policies, Statements, Ordinances, Regulations or Decisions formally adopted and propagated by the government rule makers which were in effect at the time of the incident and which were the underlying cause of plaintiff's injuries:

    (a) Atlantic City and the Atlantic City Police Department formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed within Internal Affairs Unit in favoring the statement of police officers over the statements of citizens complaining of police abuse or misconduct resulting in the exoneration of the officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of the police officers is tolerated, condoned and ratified by the Atlantic City Police Department, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large including the plaintiff.

5. Defendant City of Atlantic City is directly liable for the plaintiff's damages due to the following policies, practices and custom of the Atlantic City Police Department which were in effect at the time of the incident and which were the underlying cause of plaintiff's injuries:

(a) Atlantic City and the Atlantic City Police Department have a permanent and well settled practice or custom of allowing police officers including the defendants named herein, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 to employ excessive force, while effectuating arrest, creating an atmosphere of illegal and unconstitutional behavior in deliberate disregard and reckless disregard of the welfare of the public at large, including the plaintiffs;

(b) Atlantic City and the Atlantic City Police Department have a permanent and well settled policy, practice and custom of allowing police officers including the defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Offices 1-5 to use excessive force and unreasonable force without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the public at large, including the plaintiff;

(c) Atlantic City and the Atlantic City Police Department have a permanent and well settled practice allowing police officers including, defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 to falsify arrest and charge civilians without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional

behavior in deliberate indifference and reckless disregard of the public at large including the plaintiff;

(d) Atlantic City and the Atlantic City Police Department have a permanent and well settled practice or custom allowing police officers including, defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 to file false reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the public at large, including the plaintiff;

(e) Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of failing to protect the citizens of Atlantic City from unconstitutional actions of police officers including defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 15 by exonerating rogue police officers, by refusing to investigate civilian complaints, and by convincing civilians not to file formal citizens' complaints with the Internal Affairs Unit and by creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the public at large including the plaintiff.

(f) Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct

by the citizenry including, but not limited to complaints regarding arrest procedures, and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large including the plaintiff;

(g) Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of violating their own policies and procedures in relation to the use of force as well as the Attorney General Guidelines relating to the use of force and the removal of officers from the line of duty pending administrative investigations thus creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard of the welfare of the public including the plaintiff.

6. Defendant Atlantic City is directly liable for plaintiff's damages due to the following policies or customs of inadequate training, supervision, discipline, screening, or hiring which were in effect at the time of this incident and which were the underlying cause of plaintiff's injuries:

(a) Atlantic City and the Atlantic City Police Department failed to adequately train and supervise police officers including defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 regarding proper arrest procedures and techniques, the proper use of force, probable cause determinations, criminal investigations and internal affairs procedures such as the failure to train and such

failure to train at the obvious consequence leading to the constitutional violations and deliberate indifference and reckless disregard of the welfare of the public at large including the plaintiff;

(b) Atlantic City and the Atlantic City Police Department failed to adequately monitor and evaluate the performance of its officers including defendant Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 and their compliance with the laws and policies, practices and customs with respect to probable cause determinations, arrest procedures, internal affairs procedures, the use of force in criminal investigations in deliberate indifference and reckless disregard of the welfare of the public at large including the plaintiff;

(c) Atlantic City and the Atlantic City Police Department repeatedly and knowingly has failed to properly train its officers including defendants with respect to the violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force, probable cause determinations, arrest procedures, internal affairs procedures, creating a pattern, policy, practice, custom or atmosphere or such illegal and unconstitutional behavior as tolerated, condoned and accepted by the Atlantic City Police Department with deliberate indifference to the reckless disregard of the public at large, including the plaintiff;

(d) Atlantic City and the Atlantic City Police Department allows its officers to engage in conduct that violates the

constitutional rights of persons in custody, including the plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated and condoned in reckless disregard and in deliberate indifference to the welfare of the public including the plaintiff;

(e). Atlantic City and the Atlantic City Police Department knew that a "code of silence" existed between and amongst their officers and their security personnel employed by Atlantic City casinos whereby officers would not report this conduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the public including the plaintiff.

7. Further, defendant Atlantic City is liable for defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 actions under the doctrine of agency, vicarious liability, employer/employee relationship, master servant, and respondeat superior and as a result of their non-delegable duty to provide officers who comply with the constitutions of the law of the United States of America and the State of New Jersey.

8. As a direct and proximate result of the foregoing policies, practices and customs of the Atlantic City and Atlantic City Police Department violation of the constitutional rights of the citizens of Atlantic City were substantially certain to occur.

9. As a direct and proximate result of the foregoing policies, practices and customs of Atlantic City and the Atlantic City Police Department, the plaintiff's constitutional rights were violated and the plaintiff was injured and damaged all to her detriment.

### THIRD COUNT

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The defendants and each of them conspired to violate the civil rights of the plaintiff by targeting him for unwarranted violence, subjecting him to malicious prosecution, coordinating false stories and reports against the plaintiff, filing false criminal charges against him to incriminate him and rationalize their violence and mistreatment toward the plaintiff in addition to coordinating their stories and rationalization so as to conceal the extent of the damage that the defendants perpetrated against the plaintiff.

### COUNT FOUR

### PUNITIVE DAMAGES AGAINST DEFENDANTS LOPEZ, ALOSI, JR., AUBLE AND JOHN DOE POLICE OFFICERS 1-5

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The actions and/or omissions of the defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 complained of herein were unlawful, conscious shocking, unconstitutional and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith and in such a manner to entitle the plaintiff to a substantial award of punitive damages against the defendants.

2. As a direct and proximate result of the aforementioned actions and omissions of the defendants plaintiff has been injured and damage all to his detriment. The damages for which plaintiff seeks compensation from the defendants both jointly severally include but are not limited to the following, emotional distress and pain and suffering, loss of enjoyment of life, fright, fear, humiliation, aggravation, anxiety and attorney's fees pursuant to 42 U.S.C. §1998, punitive damages, pre-imposed judgment interest, declaratory relief holding that the policies, practices and/or customs of the defendants complained of are illegal and unconstitutional and preclusion of defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 from serving in the capacity of law enforcement officers and such other equitable and general relief as the court deems just and proper.

## COUNT FIVE

### STATE LAW TORTS AGAINST DEFENDANTS LOPEZ, ALOSI, JR., AUBLE, and JOHN DOE POLICE OFFICERS 1-5

The plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1. The acts, omissions and conducts of defendants, Rogers, Eisenbeis, Harper and John Doe 1-4 constitute assault, battery, trespass, trespass to chattels, false arrest, false imprisonment, conspiracy, negligent infliction of emotional distress and intentional infliction of emotional distress.

2. As a direct and proximate result of the aforementioned acts and omissions of defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 the plaintiff has been damaged and injured all to his detriment.

Jury is respectively demanded of the trier of the issues set forth herein.

CASTELLANI LAW FIRM, LLC

Date: February 13, 2015

DAVID R. CASTELLANI, ESQUIRE
Attorney for Plaintiff(s), Zampetis