JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NICHOLAS J. ZAMPETIS

**(b)** County of Residence of First Listed Plaintiff    Monmouth
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Castellani Law Firm, LLC
450 Tilton Road, Suite 245, Northfield, NJ 08225

## DEFENDANTS

CITY OF ATLANTIC CITY, POLICE OFFICERS IVAN LOPEZ, POLICE OFFICER ANTHONY ALOSI, JR., ET AL

County of Residence of First Listed Defendant    Atlantic
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Tracy Riley, Esquire

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 310 Airplane  ☐ 365 Personal Injury - |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 315 Airplane Product  Product Liability |  |  | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | Liability  ☐ 367 Health Care/ |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | ☐ 320 Assault, Libel &  Pharmaceutical | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | Slander  Personal Injury | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | ☐ 330 Federal Employers'  Product Liability | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | Liability  ☐ 368 Asbestos Personal | |  | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 340 Marine  Injury Product | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product  Liability | | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | Liability  **PERSONAL PROPERTY** | | Act | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | | ☐ 720 Labor/Management | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | | Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability  ☐ 380 Other Personal | | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | ☐ 360 Other Personal  Property Damage | | ☐ 751 Family and Medical | ☐ 895 Freedom of Information |
|  | Injury  ☐ 385 Property Damage | | Leave Act | Act |
|  | ☐ 362 Personal Injury -  Product Liability | | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
|  | Medical Malpractice | | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | | Income Security Act | Act/Review or Appeal of |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | |  | Agency Decision |
| ☐ 220 Foreclosure | ☒ 441 Voting  ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/  Sentence | | or Defendant) |  |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | ☐ 871 IRS—Third Party |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | | 26 USC 7609 |  |
|  | Employment  **Other:** | | |  |
|  | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | | **IMMIGRATION** |  |
|  | Other  ☐ 550 Civil Rights | | ☐ 462 Naturalization Application |  |
|  | ☐ 448 Education  ☐ 555 Prison Condition | | ☐ 465 Other Immigration |  |
|  | ☐ 560 Civil Detainee - | | Actions |  |
|  | Conditions of | | |  |
|  | Confinement | | |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Amended Complaint

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
1,000,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   Noel L. Hillman

DOCKET NUMBER  1:15-cv-01231-NLH-AMD

DATE
01/18/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/David R. Castellani

FOR OFFICE USE ONLY

RECEIPT #              AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**CASTELLANI LAW FIRM, LLC**
David R. Castellani, Esquire - ID #: 023691991
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff(s)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **NICHOLAS J. ZAMPETIS** | : |
| | : |
| | : |
| | :**CIVIL ACTION NO.: 1:15-cv-01231-NLH-AMD** |
| **v.** | : |
| | : |
| **CITY OF ATLANTIC CITY, POLICE** | : |
| **OFFICER IVAN LOPEZ, POLICE** | : |
| **OFFICER ANTHONY ALOSI, JR.** | : **AMENDED COMPLAINT** |
| **POLICE OFFICER MIKE AUBLE, and** | : |
| **JOHN DOE ATLANTIC CITY POLICE** | : |
| **OFFICERS 1-5, INDIVIDUALLY AND** | : |
| **IN THEIR OFFICIAL CAPACITY,** | : |
| **JOHN DOES 1-5** | : |
| | : |

Nicholas J. Zampetis currently residing in English Town, New Jersey by way of Complaint against the Defendants says:

**INTRODUCTION**

1.)     On or about February 17, 2013, the Plaintiff Nicholas J. Zampetis was a patron at the Tropicana Hotel and Casino celebrating the birthday of one of his friends along with about fifteen to twenty other people.  During the course of the evening at approximately 2:00 to 3:00 AM on a Saturday night, Plaintiff and others in his party got into a verbal disagreement and/or argument with other people outside the Tropicana Hotel and Casino to which area the Defendant City of Atlantic City Police Officers were called.  The individual Defendant Police Officers, without provocation and/or probable cause, proceeded to attack and beat Plaintiff with their

hands, fists, knees, kicks, and batons all at a time where Plaintiff offered no resistance or physical threat or otherwise to these officers or others at the scene. The Plaintiff was falsely arrested and beaten as aforementioned without resistance, threat of injury to the officers or any member of the public, or provocation to the Defendant individual police officers and without legal justification.

2.) The Plaintiff Nicholas J. Zampetis suffered severe and permanent injuries from the violent and vicious and unprovoked attack and excessive use of force at the hands of the individual Defendant officers requiring hospitalization and future medical treatment.

## PARTIES

1.) Plaintiff Nicholas J. Zampetis is and was residing within English Town, State of New Jersey.

2.) At all times mentioned herein, the Defendants, City of Atlantic City is a Municipality chartered by the State of New Jersey and as such is a political subdivision of the State of New Jersey and amongst its other functions operates and maintains a law enforcement agency known as the Atlantic City Police Department. Atlantic City is under a duty to run its policing activities in a lawful manner so as to preserve the rights, privileges, and immunities guaranteed and secured to them by the Constitution and Laws of the United States and the State of New Jersey.

3.) On information and belief, the Defendants Ivan Lopez, Anthony Alosi, Jr., and Mike Auble are adult resident citizens of Atlantic County, State of New Jersey and were members of the Atlantic City Police Department who were acting by virtue of their position as Law Enforcement Officers of Atlantic City Police Department and under Color of State Law. These individual Defendant Police Officers set forth above are sued individually and in their

official capacity as members of the Atlantic City Police Department. Ernest Jubilee was at the time, the Police Chief of Defendant City of Atlantic City Police Department and policy maker for the Defendant City of Atlantic City Police Department pursuant to City Ordinance and State Law.

4.)     Upon information and belief the Defendant John Doe Atlantic City Police Officers 1-5 are adult resident citizens of Atlantic County New Jersey were acting by virtue of their position as Law Enforcement Officers of the Atlantic City Police Department and under Color of State Law. Defendant John Does 1-5 are sued individually and in their official capacity as members of the Atlantic City Police Department.

## JURISDICTION AND VENUE

1.)     Each of the acts of the Defendants Lopez, Alosi, Jr., and Auble and John Does 1-5 were performed under the color and pretense of the Constitutions, Statutes, Ordinances, Regulations, Customs and Usages of the United States of America, and the State of New Jersey, County of Atlantic, and the City of Atlantic City and under the authority of their Officers for Atlantic City, New Jersey.

2.)     The incident which gives rise to this cause of action occurred within the jurisdiction and within the two years of the filing of this Complaint.

3.)     Venue is proper in this matter pursuant to 28 U.S.C. § 1391 as all Defendants are residents of this district and all acts or omissions which gives rise to the cause of action occurred within the district.

4.)     Jurisdiction is proper pursuant to Federal Question Jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3)(4), and 42 U.S.C. § 1983.  Plaintiff further invokes pendant and subject

matter jurisdiction of this Court to hear and decide claims arising under State Law pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1.)     On or about February 17, 2013, at approximately between 2:00 and 3:00 AM, the Plaintiff Nicholas J. Zampetis was a patron at the Tropicana Hotel and Casino along with a group of other people who had come to the Tropicana that evening for a birthday party of a friend. Just prior to getting on a bus with his group to be taken back to Old Bridge, New Jersey, from where the trip originated, Plaintiff had a verbal altercation with some other individuals in another group which verbal exchange had ended and he was walking back to the bus when he was violently attacked from behind without warning or notice and thrown to the ground by Defendant Anthony Alosi Jr, City of Atlantic City Police Officer. Prior to being attacked from behind, Defendant Alosi at no time indicated that the Plaintiff was under arrest. Thereafter, Defendant, Alosi, Jr., struck the Plaintiff with fists, knees, elbows and his feet while he was on the ground. In addition, while offering no resistance to Defendant Alosi, and while his hands were behind his back, the Plaintiff was further beaten by Defendant Michael Auble, all while offering no resistance, threat or provocation to these officers or others. Finally, while Plaintiff's hands were behind his back and offering no resistance, the Plaintiff was severely beaten and struck by the Defendant Ivan Lopez with an expandable baton across his back, head, rib cage and legs as well as other vital areas of his body known as red zones in violation of Attorney General Guidelines and policies of the Atlantic City Police Department. The Plaintiff was placed in handcuffs and charged with an indictable offenses and including resisting arrest and aggravated assault on a police officer. The

Plaintiff was severely injured by the excessive and unprovoked attack by the aforementioned Defendant Police Officers and was transported to the Atlantic City Medical Center for treatment of the severe injuries intentionally inflicted by these Defendants. The excessive use of force by the Defendant Officers was witnessed by numerous persons in Plaintiff's party.

2.) After the brutal attack and use of excessive force by the Defendant Police Officers, and while at the Atlantic Regional Medical Center, the Plaintiff was diagnosed with comminuted displaced fracture of his nasal bones in his face and was noted to have severe soft tissue swelling over the fracture sites, was diagnosed with severe head injuries, multiple contusions and abrasions requiring CAT scans and other medical treatment.

3.) It is further alleged that prior to attacking the Plaintiff, tackling him to the ground, and beating him with their fists, knees, feet and baton, the individual Defendants never identified themselves as police officers or indicated to the Plaintiff that he was under arrest.

4.) Thereafter, to cover up their illegal conduct and use of excessive force upon the Plaintiff and the false arrest of the Plaintiff, the Defendant Alosi originally charged the Plaintiff with the indictable offense of aggravated assault on a police officer and obstruction of justice which charges were remanded and amended by Atlantic County Prosecutors' Office to disorderly persons offenses of resisting arrest and simple assault. Defendant Auble further charged Plaintiff with disorderly person's offense. Thereafter, Plaintiff was found not guilty of all charges by the Atlantic City Municipal Court on February 26, 2015. Defendant Lopez further conspired with the other Defendants to issue false police reports in an attempt to support their false charges against Plaintiff.

5.) Defendants Lopez, Alosi, Jr., Auble, and John Does 1-5 committed the aforementioned actions and/or omissions under the Color of Law and by virtue of their authority

as Law Enforcement Officers for Defendant City of Atlantic City and have substantially deprived the Plaintiff of his clearly established rights, privileges, an immunities guaranteed to him as a citizen of the United States and of New Jersey in violation of 42 U.S.C. § 1983 and deprived the Plaintiff of his rights guaranteed to him under the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution including but not limited to:

    a.)    the freedom from unlawful search and seizure;

    b.)    the freedom from unlawful arrest and seizure of their persons;

    c.)    the freedom from the use of unreasonable, unjustified, and excessive force;

    d.)    the freedom from the deprivation of liberty and property without due process of law;

    e.)    the freedom from summary punishment;

    f.)    the freedom from state created dangers; and

    g.)    the freedom from arbitrary government activity which shocks the conscience of civilized community and society.

6.)    As a direct and proximate result of the acts and omissions of these Defendants, Lopez, Alosi, Jr., Auble, and John Does Police Officers 1-5, the Plaintiff's Constitutional Rights were violated and Plaintiff was severely injured and sustained severe and permanent injuries necessitating medical treatment and was forced to defend himself in criminal charges falsely filed against him.

**SECOND COUNT**
**FEDERAL AND STATE CONSTITUTIONAL VIOLATIONS AGAINST THE CITY OF ATLANTIC CITY**

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1.) Defendant City of Atlantic City and the Chief of Police at that time, Ernest Jubilee and the Internal Affairs Department permitted, encouraged, tolerated and knowingly acquiesced to an official pattern, practice, and custom of its police officers, particularly, the individually named Defendants of falsely arresting citizens such as Plaintiff by means of use of excessive force and in falsely charging citizens such as the Plaintiff with crimes that they did not commit in order to cover up their illegal conduct.

2.) Defendant City of Atlantic City and Chief of Police Ernest Jubilee were and is under a duty to supervise members of the Atlantic City Police Department and to insure that the policing activities of the Atlantic City Police Department are run in a lawful manner preserving to the citizens of Atlantic City their rights, privileges, and immunities guaranteed to them by the Constitution of both the United States of America and the State of New Jersey.

3.) Defendant City of Atlantic City and Chief of Police Jubilee and the Internal Affairs Department of Atlantic City Police Department permitted, encouraged, tolerated, and knowingly acquiesced to an official pattern, practice, and custom of its police officers, particularly the Defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 of violating the Constitutional Rights of the public in large, including the Plaintiff. In particular, the City of Atlantic City and its Chief of Police Jubilee had actual knowledge that these individual Defendants, Lopez, Alosi Jr., Auble, and John Doe Police Officers 1-5 had propensity to deprive the citizens of the City of Atlantic City, State of New Jersey of their Constitutional Rights and failed to take proper action to protect the citizens of Atlantic City, State of New Jersey, including the Plaintiff from these Defendants. In point of fact, the City of Atlantic City has pending against it the largest amounts of Civil Rights Complaints in Federal Court for excessive force of any City and State of New Jersey totaling approximately thirteen in number at

the time of the filing of this Complaint.  Among the thirteen (13) pending Civil Rights cases against the Defendant City of Atlantic City and individual members of the police force arising out of the use of excessive force and attempting to effect unlawful arrests were Mehr v. City of Atlantic City, Civ. No. 12-4499 (RBK), 2014, WL4350546 (DNJ September 2, 2014); Forero v. Atlantic City, Civ. No. 11-1630 (JHR), 2014 WL1301535 (DNJ March 31, 2014); Cordial v. Atlantic City, Civ. No. 11-1457 (RNB), 2014 WL1095584 (DNJ March 19, 2014) all alleging incidents of use of excessive force by members of the Atlantic City Police Department and where issues of fact have been alleged as to whether the City of Atlantic City had a custom or practice of acquiescing in the officers use of excessive force.

4.)     Similarly, at least one of the individual Defendant police officers, Anthony Alosi, Jr., has been the subject of both Internal Affairs' complaints and civil rights litigation along with the Defendant City of Atlantic City and other Atlantic City Police Officers alleging use of excessive force and unlawful arrest in the matter of Charlie Harrison v. Anthony Alosi and the City of Atlantic City, et al. Case Number 1:2014-cv-06292 filed October 9, 2014 in the New Jersey District Court, Camden Vicinage.   It is further alleged that the Defendant City of Atlantic City, its Police Department, Chief Jubilee and specifically its Internal Affairs Department, deliberately and intentionally failed to properly investigate complaints against its police officers, including the named Defendants for excessive force and improper arrest which has specifically led to an atmosphere of deliberate indifference by the Defendant City of Atlantic City, its Internal Affairs Division and its Chief of Police Ernest Jubilee towards the constitutional rights of citizens including the Plaintiff and specifically their right to be free from false arrest, improper arrest procedures and the use of excessive force guaranteed under the United States Constitution, specifically the 4th Amendment and the New Jersey Constitution counterparts, Article 1,

Subparagraph 7 and the 14th Amendment of the United States Constitution as well as the New Jersey Constitution's due process clause.

5.) The actions of the Defendants Lopez, Alosi, Jr. and Auble in viciously tackling and then beating the Plaintiff at a time when he was offering no resistance and posed no threat of immediate harm to the Defendant Officers nor anyone in the vicinity were unjustified, unreasonable and unconstitutional and deprived Plaintiff of his constitutional rights in violation of the 4th, 8th and 14th Amendments of the United States Constitution and their New Jersey Constitutional counterparts guaranteeing Plaintiff the right to be free from unlawful searches and seizures, unlawful arrest, malicious prosecution and the use of unreasonable and excessive force for purposes of affecting arrest.

6.) The Defendants, Officers Lopez, Alosi, Jr. and Auble each filed police reports containing false information for purposes of concealing their unlawful conduct, including their use of excessive force with respect to the unlawful arrest of the Plaintiff.

7.) The Defendants and each of them conspired with respect to the completion of the false police reports and to file false charges against the Plaintiff for disorderly persons, obstruction of justice, resisting arrest and aggravated assault on a police officer which was eventually remanded by the Atlantic County Prosecutor's Office to disorderly persons charges against the Plaintiff for resisting arrest and simple assault and tried before the Atlantic City Municipal Court where the Plaintiff was acquitted on all such charges on February 26, 2015.

8.) As a direct and proximate result of these actions and omissions of these Defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5, Plaintiff's Federal and State Constitutional Rights were violated, the Plaintiff sustained severe and permanent injuries

necessitating medical treatment and was forced to defend himself with respect to criminal charges falsely filed against him which were ultimately dismissed against him.

9.)    The actions of the Defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5, were unjustified, unreasonable, unconstitutional, deprived the Plaintiff of his Constitutional Rights in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and their New Jersey Constitutional Counter Parts.

10.)    The Defendant City of Atlantic City is directly liable for Plaintiff's damages due to the following Policies, Statements, Ordinances, Regulations or Decisions formally adopted and propagated by the government rule makers including Chief of Police Jubilee which were in effect at the time of the incident and which were the underlying cause of Plaintiff's injuries:

a.)    Atlantic City and the Atlantic City Police Department and its Chief of Police at the time Ernest Jubilee formally adopted policies and standard operating procedures designed to prevent formal complaints from being filed within Internal Affairs Unit in favoring the statement of police officers over the statements of citizens complaining of police abuse or misconduct resulting in the exoneration of the officers for unconstitutional behavior, creating an atmosphere where unconstitutional behavior of the police officers is tolerated, condoned and ratified by the Atlantic City Police Department and its Chief Ernest Jubilee, thus creating an atmosphere of illegal and unconstitutional behavior and with deliberate indifference and reckless disregard of the welfare of the public at large including the Plaintiff.

5.)    Defendant City of Atlantic City and its Chief of Police Ernest Jubilee are directly liable for the Plaintiff's damages due to the following policies, practices and custom of the

Atlantic City Police Department which were in effect at the time of the incident and which were the underlying cause of Plaintiff's injuries:

a.)  Atlantic City and the Atlantic City Police Department have a permanent and well settled practice or custom of allowing police officers including the Defendants named herein, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 to employ excessive force, while effectuating arrest, creating an atmosphere of illegal and unconstitutional behavior in deliberate disregard and reckless disregard of the welfare of the public at large, including the Plaintiffs;

b.)  Atlantic City and the Atlantic City Police Department have a permanent and well settled policy, practice and custom of allowing police officers including the Defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Offices 1-5 to use excessive force and unreasonable force without fear of discipline, creating an atmosphere of illegal and unconstitutional behavior and deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiff.  This is illustrated by the fact with  respect to Defendant Alosi, Jr., who has a pending civil rights claim for excessive force  against him as well as prior Internal Affairs Complaints for excessive force filed against him and no disciplinary action has been taken against Defendant Alosi, Jr. nor any of the other Defendant officers as a result of their actions by the Chief of Police or the IA Unit thereby creating an atmosphere that the illegal and unconstitutional behavior of these officers in utilizing excessive force is tolerated and condoned by the police department, it's Chief Jubilee and Defendant City of Atlantic City;

c.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice allowing police officers including, Defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 to falsify arrest and charge civilians without probable cause as a tool to conceal their own illegal and unreasonable conduct, creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the public at large including the Plaintiff;

d.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice or custom allowing police officers including, Defendants Lopez, Alosi,  Jr., Auble, and John Doe Police Officers 1-5 to file false reports, fabricate evidence, destroy evidence, and make false statements as a tool to conceal their own illegal and unreasonable conduct in deliberate indifference and reckless disregard for the welfare of the public at large, including the Plaintiff;

e.)     Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of failing to protect the citizens of Atlantic City from unconstitutional actions of police officers including Defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 by exonerating rogue police officers, by refusing to investigate civilian complaints, and by convincing civilians not to file formal citizens' complaints with the  Internal Affairs Unit and by creating an atmosphere of illegal and unconstitutional    behavior and deliberate indifference and reckless disregard for the welfare of the public  at large including the Plaintiff.  This is illustrated by the fact that the Atlantic City Police Department during Chief Jubilee's tenure as its Chief of Police and deputy

assistant White's tenure as its Deputy Chief and now current Chief have been subjected to the most Federal lawsuits for civil rights violations relating to excessive force and improper arrest of any county in the State of New Jersey.

f.)   Further it is alleged that the Chief of Police and policy maker Chief Jubilee and his deputy assistant White have knowledge of the individual Defendants use of unlawful and excessive use of force with respect to effecting arrest and specific knowledge of the approximate 509 excessive force complaints that have been filed with Internal Affairs division between 2005 and 2010 and deliberately failed to order re-training, discipline or take any other action to prevent the same conduct from re-occurring in the future.  It is further alleged that Chief of Police Jubilee and his Deputy Assistant were responsible for reviewing all such Internal Affairs Complaint and recommending disciplinary action be taken against the police officers involved and failed to recommend or take any disciplinary action against Defendants or other police officers despite their knowledge of these officers' unconstitutional conduct with deliberate indifference towards the consequences of their actions to Plaintiff and other members of the public welfare.

g.)   Atlantic City and the Atlantic City Police Department have a permanent and well settled practice of refusing to adequately respond to and investigate complaints regarding officer misconduct by the citizenry including, but not limited to complaints regarding  arrest procedures, and the use of excessive physical force, thus creating an atmosphere of illegal and unconstitutional behavior in deliberate indifference and reckless disregard of the welfare of the public at large including

the Plaintiff.  This is evident from the 509 excessive force complaints filed

between 2005 and 2010 against Atlantic City Police Department officers and the

failure of Chief Jubilee, or any other Chief and/or the Internal Affairs Department

from sustaining few if any of the 509 complaints.

h.)    Atlantic City and the Atlantic City Police Department have a permanent and well

settled practice of violating their own policies and procedures in relation to the

use of  force as well as the Attorney General Guidelines relating to the use of

force and the removal of officers from the line of duty pending administrative

investigations thus creating an atmosphere of illegal and unconstitutional behavior

and deliberate indifference and reckless disregard of the welfare of the public

including the Plaintiff.

6.)    Defendant Atlantic City is directly liable for Plaintiff's damages due to the

following policies or customs of inadequate training, supervision, discipline, screening, or hiring

which were in effect at the time of this incident and which were the underlying cause of

Plaintiff's injuries:

a.)    Atlantic City and the Atlantic City Police Department including Chief Jubilee

failed to adequately train and supervise police officers including Defendants,

Lopez, Alosi, Jr., Auble, and  John Doe Police Officers 1-5 regarding proper

arrest procedures and techniques, the proper use of force, probable cause

determinations, criminal investigations at the obvious risk and consequence of

leading to repeated constitutional violations in deliberate indifference and reckless

disregard of the welfare of the public at large including the Plaintiff;

b.)   Atlantic City and the Atlantic City Police Department and Chief Jubilee failed to adequately monitor and evaluate the performance of its officers including Defendant Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 and their compliance with the laws and policies, practices and customs with respect to probable cause determinations, arrest procedures, internal affairs procedures, the use of force in criminal investigations in deliberate  indifference and reckless disregard of the welfare of the public at large including the Plaintiff;

c.)   Atlantic City and the Atlantic City Police Department and Chief Jubilee repeatedly and knowingly has failed to properly train its officers including Defendants  with respect to the violations of the law of the State of New Jersey, the Constitution of the United States, and its own policies on use of force, probable cause determinations, arrest procedures, internal affairs procedures, creating a pattern, policy, practice, custom or atmosphere or such illegal and unconstitutional behavior is tolerated, condoned and accepted by the Atlantic City Police Department with deliberate indifference to the reckless disregard of the public at large, including the Plaintiff;

d.)   Atlantic City and the Atlantic City Police Department and Chief Jubilee allow its officers to engage in conduct that violates the constitutional rights of persons in custody, including the Plaintiff, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated and  condoned in reckless disregard and in deliberate indifference to the welfare of the public including the Plaintiff;

e.)    Atlantic City and the Atlantic City Police Department and Chief Jubilee knew that a "code of silence" existed between and amongst their officers and the security personnel employed by Atlantic City casinos whereby officers would not report this conduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to properly supervising officers, properly investigating critical incidents, holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the public including the Plaintiff.

7.)    Further, Defendant Atlantic City is liable for Defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 actions under the doctrine of agency, vicarious liability, employer/employee relationship, master servant, and respondeat superior and as a result of their non-delegable duty to provide officers who comply with the constitutions of the law of the United States of America and the State of New Jersey.

8.)    Further the Chief of Police Ernest Jubilee and the Internal Affairs Division had knowledge of the aforementioned policies, practices and customs of the Atlantic City Police Department and had notice that such practices,  policies and customs were taking place within the Police Department within his command and consciously disregarded with deliberate indifference the risk that the officers within his police department including the Defendant Alosi, Auble and Lopez would continue to utilize excessive force to effect an arrest in violation of the constitutional rights of the Plaintiff as well as the citizens of Atlantic City and that the actions of

these Defendants as well as other members of the Atlantic City Police Department in utilizing excessive force to effectuate an arrest were substantially certain to re-occur in the future.

9.)     Further, the Defendant City of Atlantic City and its Chief of Police Ernest Jubilee, at the time, had knowledge of or should have had knowledge of the actions of the Defendants and had deliberately failed to exercise their duties to instruct, supervise, control and discipline the individual Defendants on a continuing basis should have had knowledge of the actions of the Defendants as alleged above and intentionally, knowingly and/or with deliberate indifference to the Plaintiff's rights, failed and refused to prevent the same.

10.)     It is further alleged that the Defendant, City of Atlantic City, and its Chief of Police and policy maker at that time, Ernest Jubilee, directly or indirectly and under color of state law, either expressly or implied approved or ratified the unlawful, deliberate, reckless, malicious and unconstitutional behavior of these individual Defendant Police Officers.

11.)     As a direct and proximate result of the foregoing policies, practices and customs of the Atlantic City and Atlantic City Police Department, as well as the deliberate indifference of the Police Chief Jubilee, violation of the constitutional rights of the citizens of Atlantic City were substantially certain to occur.

### THIRD COUNT

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1.)     The Defendants and each of them conspired to violate the civil rights of the Plaintiff by targeting him for unwarranted violence, specifically by attacking him at a time where

he posed no risk to the officers, was not committing any type of crime, nor was he a risk to any members of the public in the near vicinity by subjecting him to malicious prosecution by each Defendant creating and coordinating the content of their reports with each other and creating false police reports and the issuances of false criminal summonses against him alleging actions by the Plaintiff more serious in nature and that were false and constituted false criminal charges against him for purposes of incriminating him to rationalize their violent actions, excessive force and mistreatment toward the Plaintiff all for the intentional and deliberate purpose to conceal the extent of the damage that these police Defendants perpetrated against the Plaintiff. Each of the individual Defendants coordinated their false police reports with each other, agreed to testify falsely against the Plaintiff with respect to his disorderly person charges at the Atlantic City Municipal Court all in an attempt to prosecute him maliciously for the purposes of attempting to avoid their illegal conduct and civil responsibility for their constitutional violations against the Defendants.

## COUNT FOUR

### PUNITIVE DAMAGES AGAINST DEFENDANTS
### LOPEZ, ALOSI, JR., AUBLE AND JOHN DOE POLICE OFFICERS 1-5

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1.)     The actions and/or omissions of the Defendants Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 complained of herein were unlawful, conscious shocking, unconstitutional and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly, in bad faith and in such a manner to entitle the Plaintiff to a substantial award of punitive damages against the Defendants.

2.)     As a direct and proximate result of the aforementioned actions and omissions of the Defendants Plaintiff has been injured and damage all to his detriment.  The damages for which  Plaintiff seeks compensation from the Defendants both jointly severally include but are not limited to the following, emotional distress and pain and suffering, loss of enjoyment of life, fright, fear, humiliation, aggravation, anxiety and attorney's fees pursuant to 42 U.S.C. §1998, punitive damages, pre-imposed judgment interest, declaratory relief holding that the policies, practices and/or customs of the Defendants complained of are illegal and unconstitutional and preclusion of Defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 from serving in the capacity of law enforcement officers and such other equitable and general relief as the court deems just and proper.

## COUNT FIVE

### STATE LAW TORTS AGAINST DEFENDANTS
### LOPEZ, ALOSI, JR., AUBLE, and JOHN DOE POLICE OFFICERS 1-5

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1.)     The acts, omissions and conducts of Defendants, Lopez, Alosi, Jr., Auble and John Doe 1-4 constitute assault, battery, trespass, and trespass to chattels, false arrest, false imprisonment, conspiracy, negligent infliction of emotional distress and intentional infliction of emotional distress.

2.)     As a direct and proximate result of the aforementioned acts and omissions of Defendants, Lopez, Alosi, Jr., Auble, and John Doe Police Officers 1-5 the Plaintiff has been damaged and injured all to his detriment.

Jury is respectively demanded of the trier of the issues set forth herein.

## COUNT SIX

## MALICIOUS PROSECUTION

The Plaintiff incorporates in its entirety each and every paragraph contained in the Complaint by reference as if fully set forth herein at length.

1.) The Defendants and each of them, Lopez, Alosi, Jr., Auble and John Doe Police Officers 1-5 deliberately and intentionally filed false charges attributing false criminal actions to the Plaintiff which constituted indictable offenses, specifically aggravated assault on a police officer and third degree resisting arrest which were remanded to the Atlantic City Municipal Court by the Atlantic County Prosecutor's Office to disorderly persons offenses and resisting arrest.

2.) The Defendants and each of them maliciously and with malice forethought falsified their police reports and issued the false criminal charges against the Plaintiff for purposes of concealing their own illegal conduct and use of excessive force in an attempt to shield themselves from civil liability and responsibility for the injuries they unlawfully inflicted upon the Plaintiff.

3.) On February 26, 2015, the Plaintiff was acquitted of all charges that the Defendants had attempted to file against him in the Atlantic City Municipal Court and was found not guilty of resisting arrest and not guilty of simple assault.

4.) It is further alleged that there was not reasonable or probable cause for the charges or prosecution of Plaintiff by these Defendants and that the Defendants knew, or should have known, this to be the case prior to the false arrest of the Plaintiff his detention, imprisonment and prosecution of the Plaintiff prior to the trial date.

5.)     All of the acts described above were undertaken in a willful and malicious manner for the purpose of harming the Plaintiff with respect to his reputation, standing and integrity all to Plaintiff's detriment and therefore, the Defendants are liable to the Plaintiff for punitive damages.

6.)     The aforementioned criminal charges against the Plaintiff were filed by the Defendants without basis in fact, without probable cause and were continued because of the Defendants false statements and false complaints and were all found to be without any merit and ultimately dismissed.

7.)     As a direct and proximate result of the malicious abuse of process and malicious prosecution of the Plaintiff as aforementioned, Plaintiff was arrested, criminally charged, forced to undertake the services of criminal defense counsel, suffered damages to his reputation, suffered both mentally and physically all to his detriment.

8.)     The Defendant City of Atlantic City is vicariously liable for the conduct of its employees, the Defendant police officers, for maliciously prosecuting the Plaintiff and therefore for the malicious abuse of their process pursuant to the principles of *respondeat superior,* master servant and principles of agency.

WHEREFORE, Plaintiff demands judgment against the individual Defendants and the Defendant City of Atlantic City, jointly, severally and in the alternative for damages, punitive damages, attorney fees, cost of suit and such other relief as the Court deems just and proper.

CASTELLANI LAW FIRM, LLC

Date: January 12, 2016

DAVID R. CASTELLANI, ESQUIRE
Attorney for Plaintiff(s), Zampetis