Michael E. Riley, Esquire
Attorney ID 007511976
LAW OFFICES OF RILEY AND RILEY
100 High Street, Suite 302
Mount Holly, New Jersey 08060
(609) 914-0300
Attorney for Defendant Officers Ivan Lopez,
Anthony Alosi, Jr., and Mike Auble

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| NICHOLAS J. ZAMPETIS, | : Civil Action No.: 15-cv-1231 (NLH/AMD) |
| Plaintiff | : |
| | : **ANSWER, SEPARATE and AFFIRMATIVE** |
| v. | : **DEFENSES, ANSWER TO CROSS-CLAIMS**, |
| | : **COUNTERCLAIM FOR ATTORNEY FEES,** |
| CITY OF ATLANTIC CITY; POLICE | : **REQUEST FOR SPECIFICITY OF DAMAGES,** |
| OFFICER IVAN LOPEZ; POLICE OFFICER | : **JURY DEMAND, and DESIGNATION OF TRIAL** |
| ANTHONY ALOSI, JR.; POLICE OFFICER | : **COUNSEL ON BEHALF OF DEFENDANT** |
| MIKE AUBLE; and JOHN DOE ATLANTIC | : **OFFICERS IVAN LOPEZ, ANTHONY ALOSI,** |
| CITY POLICE OFFICERS 1-5, | : **AND MIKE AUBLE** |
| INDIVIDUALLY and IN THEIR OFFICIAL | : |
| CAPACITY; JOHN DOES 1-5, | : |
| Defendants | : |

_____

Defendants Officers Ivan Lopez, Anthony Alosi, and Mike Auble (hereinafter "Answering Defendants"), by and through their attorney, Tracy L. Riley, of the Law Offices of Riley & Riley, and by way of Answer to Plaintiff's Complaint, states as follows:

**INTRODUCTION**

1. Denied as stated.

2. Denied.

**PARTIES**

1. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leaves Plaintiff to his proofs.

2. Admitted that Atlantic City is a municipality. All other allegations in this paragraph constitute legal conclusions to which no response is required.

3. Admitted as to the employment of Officers Lopez, Alosi, and Auble only. All other allegations in this paragraph constitute legal conclusions to which no response is required.

4. This paragraph contains no allegations against Answering Defendants. Therefore, no response is required. To the extent the allegations contained in this paragraph are intended to inculpate Answering Defendants, same are denied and Plaintiff is left to his proofs.

**JURISDICTION AND VENUE**

1. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, same must be denied and Plaintiff is left to his proofs.

2. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leaves Plaintiff to his proofs.

3. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, same must be denied and Plaintiff is left to his proofs.

4. This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, same must be denied and Plaintiff is left to his proofs.

**FACTUAL ALLEGATIONS**

Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

1. Denied, generally, as it pertains to Plaintiff's recitation of facts.

2.     Denied as to "brutal attack and use of excessive force". Answering Defendants have insufficient knowledge or information in which to respond to the remaining allegations and leave Plaintiff to his proofs.

3.     Denied.

4.     Denied as stated.

5.     This paragraph and it's sub-parts constitute a legal conclusion to which no response is required.

6.     Denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

### SECOND COUNT
### FEDERAL AND STATE CONSTITUTIONAL VIOLATIONS AGAINST THE CITY OF ATLANTIC CITY

Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

1.     This paragraph contains no allegations against Answering Defendants. Therefore, no response is required. To the extent the allegations contained in this paragraph are intended to inculpate Answering Defendants, same are denied and Plaintiff is left to his proofs.

2.     This paragraph contains no allegations against Answering Defendants. Therefore, no response is required. To the extent the allegations contained in this paragraph are intended to inculpate Answering Defendants, same are denied and Plaintiff is left to his proofs.

3. The allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that this paragraph or any of its subparts are intended to inculpate Answering Defendants, same are denied.

4. Denied as to any wrongdoing by Defendant Anthony Alosi. The remaining allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that this paragraph or any of its subparts are intended to inculpate Answering Defendants, same are denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. The allegations in this paragraph and its sub-parts do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that this paragraph or any of its subparts are intended to inculpate Answering Defendants, same are denied.

11. (incorrectly pleaded as paragraph 5) Denied pertaining to Answering Defendants. The remaining allegations in this paragraph and its sub-parts do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the remaining allegations in this

paragraph or any of its subparts are intended to inculpate Answering Defendants, same are denied.

12. (incorrectly pleaded as paragraph 6) Denied pertaining to Answering Defendants. The remaining allegations in this paragraph and its sub-parts do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the remaining allegations in this paragraph or any of its subparts are intended to inculpate Answering Defendants, same are denied.

13. (incorrectly pleaded as paragraph 7) The allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the allegations in this paragraph are intended to inculpate Answering Defendants, same are denied.

14. (incorrectly pleaded as paragraph 8) The allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the allegations in this paragraph are intended to inculpate Answering Defendants, same are denied.

15. (incorrectly pleaded as paragraph 9) The allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the allegations in this paragraph are intended to inculpate Answering Defendants, same are denied.

16.     (incorrectly pleaded as paragraph 10) Denied pertaining to Answering Defendants. The remaining allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the remaining allegations in this paragraph are intended to inculpate Answering Defendants, same are denied.

17.     (incorrectly pleaded as paragraph 11) The allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the allegations in this paragraph are intended to inculpate Answering Defendants, same are denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

### THIRD COUNT
### CONSPIRACY TO VIOLATE CIVIL RIGHTS

Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

1.     Denied in its entirety.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT FOUR
## PUNITIVE DAMAGES AGAINST DEFENDANTS LOPEZ, ALOSI, JR., AUBLE, AND JOHN DOE POLICE OFFICERS 1-5

Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

1. Denied.

2. Denied in its entirety.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT FIVE
## STATE LAW TORTS AGAINST DEFENDANTS LOPEZ, ALOSI, JR., AUBLE, AND JOHN DOE POLICE OFFICERS 1-5

Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

1. Denied in its entirety.

2. Denied.

**WHEREFORE**, Answering Defendants demand judgment dismissing the Plaintiff's Complaint with prejudice and for such further relief as the Court deems to be just and equitable, including, but not limited to, an award of counsel fees and costs.

## COUNT SIX
## MALICIOUS PROSECUTION

Answering Defendants repeat and incorporate by reference each and every answer to each of the preceding paragraphs as if set forth at length herein.

1. Denied.

2. Denied.

3. Answering Defendants have insufficient knowledge or information in which to respond to this allegation and leaves Plaintiff to his proofs.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. The allegations in this paragraph do not constitute allegations made against Answering Defendants and instead constitute overbroad and unsupported facts. Therefore, no answer is required. To the extent that the allegations in this paragraph are intended to inculpate Answering Defendants, same are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth a cause of action, and Defendants reserve the right to move to dismiss the Complaint on that ground.

2. Answering Defendants did not breach any duty which may be owed, or which may have been owed, to the Plaintiff.

3. Any injuries or damages sustained by the Plaintiff are the result of the act and/or acts of independent, intervening agencies or persons over which Answering Defendants had no power or control.

4. This action is barred by reason of Statutory Immunity of Answering Defendants, and Answering Defendants reserve the right to move to dismiss Plaintiff's Complaint on that ground.

5. Plaintiff's Complaint is barred by the provisions of the New Jersey Tort Claims Act.

6. Answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:2-1, *et seq.*

7. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2 as to the immunities available to the public entity and/or the public employee.

8. Answering Defendants are not liable to the Plaintiff in that there is no liability upon any public employees pursuant to the provisions of N.J.S.A. 59:2-2(b).

9. Answering Defendants are immune from liability pursuant to the provisions of N.J.S.A. 59:3-1, *et seq.*

10. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:2-3 through N.J.S.A. 59:3-2 as to the absence of liability from the exercise of judgment or discretion.

11. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:8-3 through N.J.S.A. 59:8-7 regarding failure to provide adequate and timely notice of claim.

12. Answering Defendants assert the applicability of the provisions of N.J.S.A. 59:8-8 through N.J.S.A. 59:8-11 regarding failure to timely file a notice of claim as set forth therein.

13. Any recovery to which the Plaintiff might otherwise be entitled is subject to reduction in accordance with the judgments, damages, and interest provided in N.J.S.A. 59:9-2.

14. Answering Defendants assert the applicability of N.J.S.A. 59:9-3 and N.J.S.A. 59:9-4 regarding joint tortfeasors and the comparative negligence of the Plaintiff.

15.     The claims of the Plaintiffs are barred or limited by reason of the New Jersey Joint and Several Liability Act (N.J.S.A. 2A:15-1, *et seq*.) and/or the New Jersey Comparative Negligence Act (N.J.S.A. 2A:53A-1, *et seq*.).

16.     Answering Defendants did not act with malice but did act in good faith; therefore, the Plaintiff is not entitled to damages.

17.     Answering Defendants assert that the actions taken by them were subject to qualified immunity.

18.     Answering Defendants assert that the actions taken by them were subject to immunity or partial immunity or authorized by law.

19.     Answering Defendants assert that the Plaintiff have failed to plead any constitutional violations with such specificity as to state a cognizable claim under Title 42 U.S.C. § 1983.

20.     Any damage alleged to have been suffered by the Plaintiff is not causally related to any act or omission alleged to be chargeable to Answering Defendants.

21.     Answering Defendants did not act in any conspiracy against the Plaintiff.

22.     The civil rights of the Plaintiff were not violated.

23.     At all times Answering Defendants acted in good faith and, accordingly, are immune from any liability to the Plaintiff.

24.     Answering Defendants were acting in accord with clearly established standards and, accordingly, are not liable to the Plaintiff.

25.     Answering Defendants, and all defendants acting in their official capacity, are immune from punitive damages under the Civil Rights Act (42 U.S.C. § 1983) and the New Jersey Tort Claims Act (N.J.S.A. 59:1-1, *et seq*.).

26.     Answering Defendants state that they are not guilty of the negligence complained of.

27.     Any claim against Answering Defendants is barred or diminished by the negligence of the Plaintiff.

28.     There is a lack of jurisdiction over the persons of Answering Defendants by reason of insufficiency of process and insufficiency of service of process.

29.     Plaintiff's Complaint is barred by the notice requirements of the New Jersey Tort Claims Act.

30.     Plaintiff's Complaint is barred by the applicable statute of limitations.

31.     Answering Defendants reserve the right to amend this Answer to assert additional affirmative defenses as revealed or suggested by the completion of investigation and discovery.

## COUNTERCLAIM DIRECTED TOWARD PLAINTIFF JULIUS ADAMS

## COUNT I

## ATTORNEYS FEES

1.      The allegations contained in Plaintiff's Complaint are frivolous, groundless, and without merit as to Answering Defendants, jointly, severally, and in the alternative.

2.      Title 42 of the United States Code § 1988 provides for the allowance of reasonable attorney fees to the prevailing party in an action or proceeding arising out an alleged violation of Sections 1981, 1982, 1983, 1985, and 1986 of Title 42 of the United States Code.

**WHEREFORE**, Answering Defendants demand judgment against Plaintiff Julius Adams in the amount of their damages, together with interest and costs of suit, punitive damages and such other relief as the Court deems just and proper.

## REQUEST FOR SPECIFICITY OF DAMAGES

Answering Defendants hereby demand that Plaintiff provide a written statement specifying the amount of damages claimed against each named Defendant in this action.

## ANSWER TO ANY and ALL CROSS-CLAIMS

Answering Defendant denies each and every allegation in any and all cross-claims for indemnification and contribution which have been or may be asserted in the Answers of the co-defendants or third-party defendants.

## JURY DEMAND

Answering Defendants hereby demand a trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Tracy L. Riley, Esquire, of the Law Offices of Riley & Riley, is hereby designated as trial counsel on behalf of Answering Defendants in this action.

LAW OFFICES OF RILEY & RILEY

By: */s/ Tracy L. Riley*
    Tracy L. Riley, Esquire

Dated:  January 27, 2016