**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NICHOLAS J. ZAMPETIS, | |
| Plaintiffs, | 1:15-cv-01231-NLH-AMD |
| v. | |
| CITY OF ATLANTIC CITY, et al., | **OPINION** |
| Defendants. | |

**APPEARANCES:**

> DAVID R. CASTELLANI
> 450 Tilton Road, Suite 245
> Northfield, NJ 08225
> Attorney for Plaintiff Nicholas J. Zampetis
>
> A. MICHAEL BARKER
> VANESSA ELAINE JAMES
> Barker, Gelfand & James
> 210 New Road
> Linwood, NJ 08221
> Attorney for Defendant City of Atlantic City
>
> MICHAEL E. RILEY
> TRACY RILEY
> Law Offices of Riley & Riley
> 100 High Street
> Mt. Holly, NJ 08060
> Attorney for Defendants Ivan Lopez, Anthony Alosi, Jr., and Mike Auble

**HILLMAN, District Judge**

Plaintiff, Nicholas J. Zampetis, filed a complaint against Defendants, the City of Atlantic City, Atlantic City Police Officers Ivan Lopez, Anthony Alosi, Jr., Mike Auble, and several John Doe police officers claiming violation of his rights under 42 U.S.C. § 1983 and New Jersey law. Plaintiff claims that at

about 2:00 to 3:00 a.m. on February 17, 2013 (early Sunday morning), while celebrating a friend's birthday at the Tropicana Hotel and Casino in Atlantic City, Defendants Lopez, Alosi, Auble and John Doe officers arrested him without probable cause. He claims that these Defendants also beat him and falsely charged him with criminal charges to cover up their wrongdoing. Plaintiff contends that the individual police officers violated his constitutional rights to freedom from unlawful arrest, false imprisonment, deprivation of liberty, and excessive force. Plaintiff also claims that Atlantic City had knowledge of these officers' propensity to violate a person's constitutional rights, as well as had policies and customs that fostered and condoned such actions by the department's police officers, and are therefore liable for plaintiff's injuries under Monell.  See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

Twice before, Atlantic City moved to dismiss Plaintiff's original complaint and his subsequent amended complaint. The Court granted both motions, finding that Plaintiff had not adequately pleaded his municipal liability claims against Atlantic City. (Docket No. 6, 25.) After each Opinion, the Court had permitted Plaintiff to file an amended pleading within 30 days, which he did. (Docket No. 14, 27.) In granting Atlantic City's second motion to dismiss, the Court summarized its review of Plaintiff's amended complaint, finding that the essential problem with the amended complaint was that it did not set forth non-conclusory facts showing that Chief Jubilee was aware, prior to February 2013, that Alosi, Lopez and Auble required closer supervision or additional training to avoid their arresting people without probable cause and using excessive force during arrest, and absent such notice, the amended complaint did not assert sufficiently that Chief Jubilee's deliberate indifference caused these officers to violate Plaintiff's Fourth Amendment rights. (Docket No. 25 at 21.)

Plaintiff filed his third complaint, and Atlantic City has filed its third motion to dismiss.[1]  During the pendency of Atlantic City's motion, the Court has opined on the viability of municipal liability claims in the context of a plaintiff's § 1983 claims and other similarly related claims against police officers in two other cases at the summary judgment stage.  One of those cases includes a Monell claim against Atlantic City and involves one of the same officers in this matter.  See Harrison v. Alosi and the City of Atlantic City, et al., 1:14-cv-6292; Norman v. Haddon Township, et al., 1:14-cv-6034.

In both of those cases, the Court denied summary judgment as to the individual officers, finding that a jury was required to resolve disputed historical facts before the Court could determine whether the officers were entitled to qualified immunity for their actions.  The Court also denied summary judgment, without prejudice, on the plaintiffs' claims against the municipalities until after the jury answered special interrogatories related to the police officers' actions and the

---

[1] The individual officers answered Plaintiff's second amended complaint.  (Docket No. 40.)

Court made the qualified immunity determination. At that point in the trial, the Court would then consider the viability of the plaintiffs' Monell claims.

In consideration of the Court's procedure to assess the municipal liability claims in Harrison and Norman, and upon review of Plaintiff's second amended complaint, the Court finds that Plaintiff's third complaint sufficiently pleads Monell claims against Atlantic City. Plaintiff's newest complaint contains additional allegations that resolve the problems the Court had identified in Plaintiff's first amended complaint, and it has sufficiently pleaded plausible claims where discovery could reasonably reveal evidence to support Plaintiff's municipal liability claims against Atlantic City. (See Docket No. 27 at 4, 8-9, 10-11, 12, 14, 15-16, 20.)

For example, the second amended complaint specifies that Chief Jubilee was acting police chief as of May 2010 and thereafter chief until December 2013, which encompasses the time frame when Plaintiff claims that he should have been aware of Alosi, Lopez and Auble's actions. (Docket No. 27 at 4.) Plaintiff has also included allegations that Chief Jubilee reviewed internal affairs complaints, and that he therefore would have known that Alosi was the subject of one excessive

force complaint in 2010 and three citizens' complaints for excessive force and improper arrest in 2012, and those complaints should have triggered Atlantic City's early warning system that required review, monitoring, and remedial training. (Id. at 10-11.) The seconded amended complaint also relates that Lopez was the subject of an excessive force complaint in April 2009, and Auble was the subject of an internal affairs complaint for excessive force in March 2013, and that none of these complaints, as well as the other excessive force complaints - 140 in total - filed against Atlantic City officers during Chief Jubilee's tenure as chief were found to be sustained, which evidences the lack of meaningful investigation into citizens' complaints and the failure to track and monitor police misconduct, creating and perpetuating a custom of exonerating rogue police officers. (Id. at 11-12.) Plaintiff further alleges that Chief Jubilee knew of the 509 excessive force complaints filed with the internal affairs between 2005 and 2010, but failed to take any action going forward, including matter involving the three officer defendants in 2010, 2012, and 2013. (Id. at 16.) The Court concludes that Plaintiff's second amended complaint meets the Rule 8 and Twombly/Iqbal pleading standards and will proceed past the motion to dismiss stage.

6

Consequently, Atlantic City's third motion to dismiss Plaintiff's claims against it must be denied.  An appropriate Order will be entered.


                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.

Date:  June 29, 2017
At Camden, New Jersey