```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NICHOLAS J. ZAMPETIS,<br><br>      Plaintiffs,<br><br>   v.<br><br>CITY OF ATLANTIC CITY, et al.,<br><br>      Defendants. | 1:15-cv-01231-NLH-AMD<br><br><br><br>OPINION |

**APPEARANCES:**

    DAVID R. CASTELLANI
    450 Tilton Road, Suite 245
    Northfield, NJ 08225

        *Attorney for Plaintiff Nicholas J. Zampetis*

    TODD J. GELFAND
    A. MICHAEL BARKER
    VANESSA ELAINE JAMES
    Barker, Gelfand & James
    210 New Road
    Linwood, NJ 08221

        *Attorneys for Defendant City of Atlantic City*

    MICHAEL E. RILEY
    TRACY RILEY
    Law Offices of Riley & Riley
    100 High Street
    Mt. Holly, NJ 08060

        *Attorneys for Defendants Ivan Lopez, Anthony Alosi,*
        *Jr., and Mike Auble*

**HILLMAN, District Judge**

    Plaintiff, Nicholas J. Zampetis, filed a complaint against

Defendants, the City of Atlantic City, Atlantic City Police

Officers Ivan Lopez, Anthony Alosi, Jr., Mike Auble, and several John Doe police officers claiming violation of his rights under 42 U.S.C. § 1983 and New Jersey law.  Plaintiff claims that at about 2:00 to 3:00 a.m. on February 17, 2013 (early Sunday morning), while celebrating a friend's birthday at the Tropicana Hotel and Casino in Atlantic City, Defendants Lopez, Alosi, Auble and John Doe officers arrested him without probable cause.  He claims that these Defendants also beat him and falsely charged him with criminal charges to cover up their wrongdoing.

Plaintiff contends that the individual police officers violated his constitutional rights to freedom from unlawful arrest, false imprisonment, deprivation of liberty, and excessive force.  Plaintiff also claims that Atlantic City had knowledge of these officers' propensity to violate a person's constitutional rights, as well as had policies and customs that fostered and condoned such actions by the department's police officers, and are therefore liable for Plaintiff's injuries under Monell.  See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or

2

by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

Currently before the Court are two motions filed by Atlantic City, both of which concern its objections to Plaintiff's discovery requests.[1] Atlantic City argues that discovery with regard to Internal Affairs files of non-defendant officers relating to Plaintiff's Monell claim should be held in abeyance until after a trial on Plaintiff's excessive force claims against the individual officers. Atlantic City argues that Plaintiff's Monell claims against Atlantic City would only be necessary if Plaintiff proves that the individual police officers violated his constitutional rights, and the discovery of sensitive internal affairs information should not otherwise be disclosed.

Alternatively, in the event the Court does not grant the bifurcation of discovery, Atlantic City argues that the Internal Affairs files Plaintiff requested, and the magistrate judge ordered to be produced, should not be disseminated to Plaintiff because the request is overbroad and concerns complaints of

---

[1] Atlantic City filed a motion to bifurcate discovery and an appeal of the magistrate judge's ruling on Plaintiff's discovery requests. (Docket No. 81, 82.)

excessive force rather than substantiated findings of excessive force, the latter of which is required to sustain a viable Monell claim.

The Court will decline to order the bifurcation of discovery, and will uphold the magistrate judge's discovery order.  With regard to severing the issue of a police officer's individual liability for his excessive force from the issue of whether a municipality is liable for fostering a custom or policy of condoning excessive force by its police officers, this Court has done so in other cases, but in an entirely different procedural posture.  In those cases, after denying summary judgment on the plaintiff's excessive force claims because of the existence of material disputed facts about what occurred during the subject incident, the Court ordered the trial to be conducted in two phases.

In the first phase, a jury would resolve the historical facts by answering special interrogatories so that the Court could determine whether the officer was entitled to qualified immunity.  Depending on the outcome of phase one, the Court would then continue to phase two with the same jury to consider the municipality's liability, if necessary.  The Court has found that bifurcation of the two claims was the proper course because

4

it would ultimately conserve judicial resources and allow the Court a fuller and clearer assessment of the plaintiff's Monell claims after the jury resolved outstanding factual disputes involving the individual defendant officer's alleged wrongdoing. See Alvarez v. City of Atlantic City, et al., 1:15-cv-02061-NLH-JS, Docket No. 79 (discussing Harrison v. City of Atlantic City, et al., 1:14-cv-06292-NLH-AMD; Norman v. Haddon Township, et al., 1:14-cv-06034-NLH-JS); see also Taylor v. Ambrifi, et al., 1:15-cv-3280-NLH-KMW, Docket No. 269.

Bifurcation of discovery at the initial stage of a plaintiff's excessive force and municipal liability case does not present the same issue or have the same benefits, however, as bifurcation at the post-summary judgment trial stage. Indeed quite the opposite, as proceeding to a jury verdict on Plaintiff's claims against the individual officers and then having to restart the entire discovery process anew for his municipal liability claims would not be convenient, avoid prejudice, or expedite and economize the case, all of which are the considerations for ordering separate trials.[2] That

---

[2] A motion for separate trials is governed by Fed. R. Civ. P. 42(b), which provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or

5

observation is particularly compelling in this case, because the discovery Plaintiff seeks has already been prepared by Atlantic City for production in several other cases, and in fact has already been produced to Plaintiff in this case.[3] Moreover, discovery on Monell claims may also inform the Court's judgment as to whether bifurcation at trial is warranted and even if bifurcation at trial is ordered what the scope of permissible evidence might be in either trial phase. The more information available to the parties – and the Court – the better the Court will be able to exercise its Rule 42(b) discretion.

In sum, although this Court has found in several other cases that a bifurcated trial on the issues of individual and municipal liability was the best course for an expeditious and

---

> more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

[3] Even though Atlantic City already produced the requested IA documents to Plaintiff, the Court does not construe the issue to be moot, as it appears that Atlantic City's position is that Plaintiff is not entitled to the IA documents, either in the first phase of a bifurcated discovery process or at all, regardless of how discovery is conducted. It appears that if Atlantic City had prevailed on its motions, the Court would have ordered Plaintiff to return the IA files to Atlantic City. Because Atlantic City's motions are unavailing, Plaintiff may retain the IA files and use them appropriately.

non-prejudicial resolution, the Court is not persuaded that bifurcation of discovery yields the same positive result. Consequently, the Court will deny Atlantic City's motion to bifurcate discovery.

The Court will also deny Atlantic City's appeal of the magistrate judge's discovery order relating to the IA files. Federal Civil Procedure Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. <u>Government Employees Insurance Co. v. Stefan Trnovski, M.D.</u>, 2018 WL 5281424, at *2 (D.N.J. Oct. 23, 2018) (citing <u>Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.</u>, 92 F.R.D. 371, 375 (D.N.J. 1981)).  A court may order discovery of any matter relevant to the subject matter involved in the action, and such relevant information does not need to be admissible at trial in order to grant disclosure. <u>Id.</u> (citation omitted).  The scope of discovery under the Federal Rules is "unquestionably broad," although discovery requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense."  <u>Id.</u> (citing <u>Bayer AG v. Betachem, Inc.</u>, 173 F.3d 188, 191 (3d Cir. 1999); Fed. R. Civ. P. 26(c)(1)).  "[D]istrict courts have broad discretion to manage

discovery," and a discovery ruling will not be overturned "absent a showing of actual and substantial prejudice."  Greene v. Horry County, 650 F. App'x 98, 99–100 (3d Cir. 2016) (citing Sempier v. Johnson & Higgins, 45 F.3d 724, 734 (3d Cir. 1995)). Relatedly, a district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72. 1(c)(1)(A).

Atlantic City's arguments for why the requested IA files are not relevant to Plaintiff's claims and cannot serve a basis for Plaintiff's expert's opinions – e.g., that complaints of excessive force, rather than substantiated findings of excessive force, cannot support a Monell claim against a municipality – are best advanced in the context of summary judgment and pre-trial motions.  Atlantic City has not shown that the production of the IA files, which have already been produced in other cases and provided to Plaintiff in this case, will cause it substantial prejudice, annoyance, embarrassment, oppression, or undue burden or expense.[4]  Whether the IA files are relevant to

---

[4] The IA files are subject to the parties' consent discovery confidentiality order.  (Docket No. 51.)

8

Plaintiff's Monell claim or are properly relied upon by Plaintiff's expert is an issue for another day.

Consequently, Atlantic City's motions to bifurcate discovery and reverse the magistrate judge's order must be denied.  An appropriate Order will be entered.

Date: November 2, 2018          s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.